**Lonnie BROOKE, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 75S00–8610–CR–886.**

Supreme Court of Indiana.

Dec. 9, 1987.

Martin R. Lucas, North Judson, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury found appellant guilty of two counts of Burglary, a Class C felony, and two Counts of Theft, a Class D felony. He received two five (5) year sentences for the Burglary convictions to run concurrently. He received two two (2) year sentences for the Theft convictions to run concurrently with his sentences for Burglary. The Count IV theft sentence was enhanced by thirty (30) years due to a finding that he was an habitual offender.

The facts are: At approximately 2:30 a.m. on December 6, 1985, two police officers noticed footprints in the newly-fallen snow which led to the Family Tree Restaurant in Knox, Indiana. They drove to the back of the restaurant and found a door standing wide open. They entered the building and found that the office had been ransacked and the cash register had been pried open.

One officer remained inside the restaurant while the other began to follow footprints which led away from the building. In the light of the full moon, the officer observed a man fleeing who was small, had light hair and was wearing a dark coat and dark pants. The officer ordered him to stop but he did not. As the officer chased him, the suspect fell in the snow and dropped a money bag, some cash and a knife.

The officer lost sight of the suspect but he and his partner followed his tracks in the snow. The tracks ended at the door of a residence and no tracks led away from the house. Police obtained a search warrant and in their search they found the following: four persons inside the home, the only one fitting the description of the fleeing suspect being appellant; a wet blue coat on the floor of a closet underneath other clothes; a fifty-dollar money wrapper from the Knox Farmer's Bank and Trust Company in a crawl space; a pair of jeans, wet from the knees down, in the dryer along with other clothes which were dry; $730.00 stuffed into a beer stein; and a poster on the wall covering a hole in which soaking wet tennis shoes which had been cut up were placed. The shoes matched the size and tread of the footprints and they bore the same logo which was imprinted in the middle of the footprints.

Appellant argues that the evidence is insufficient to support the verdict. He asserts that the evidence is only circumstantial and his conviction should be reversed.

This Court will not reweigh the evidence nor judge the credibility of witnesses. *Hooks v. State* (1980), 274 Ind. 176, 409 N.E.2d 618.

Appellant concedes that circumstantial evidence may be sufficient to support a conviction. *Choate v. State* (1984), Ind., 462 N.E.2d 1037. We find there is substantial evidence of probative value to support the verdict. *Harris v. State* (1981), Ind., 425 N.E.2d 112.

■ Appellant also argues that error occurred at trial when a police officer testified that in his opinion, the cut up tennis shoes made the tracks in the snow. In appellant's view, the officer went beyond rendering an opinion as to the similarity of the shoes to the footprints and erroneously opined that the shoes were in fact the same shoes which made the footprints.

■ An expert witness is one who, due to his experience or education, has knowledge of a certain subject about which persons with no particular training are incapable of forming an accurate opinion. *Wade v. State* (1986), Ind., 490 N.E.2d 1097. An expert witness may give his or her opinions and conclusions. The jury may weigh the testimony of the expert witness in the same manner it weighs the testimony of any other witness, taking into consideration the probability of truth of the testimony with the facts from which the witness draws his or her conclusions. *Van Orden v. State* (1984), Ind., 469 N.E.2d 1153, *cert. denied*, 471 U.S. 1104, 105 S.Ct. 2335, 85 L.Ed.2d 851.

In appellant's case, the police officer testified that he had twelve years of experience in examining and identifying footprints, which established the foundation for his expert testimony. It was therefore proper for him to give his opinion regarding the footprints. The jury was free to attach as little or as much credibility to his testimony as they felt was deserved. No error is found on this issue.

Appellant argues that the admission of certain articles of clothing into evidence was improper and prejudicial. He contends that the admission of a dark blue jacket and a nylon stocking was error because the foundation of relevancy was nonexistent.

■ Any fact which legitimately tends to connect a defendant with a crime is admissible when a reasonable inference may be deduced from such evidence. *Harris v. State* (1985), Ind., 480 N.E.2d 932.

The police officer who saw the fleeing subject described his outerwear as being a waist-length black or brown vinyl jacket. The suspect had fallen in the snow and it was logical to assume that his clothing might be wet. The jacket admitted into evidence was a waist-length dark blue vinyl quilted jacket which was wet and hidden in a closet. These facts tend to connect appellant with the crime. The relevancy foundation was established and the jacket was properly admitted.

For the same reason as above-mentioned, appellant objects to the admission of a nylon stocking. It was found in the pocket of the jeans which were wet from the knees down and inside a dryer full of dry clothes. The stocking was cut off, knotted at one end and open at the other. Appellant states in his brief that the nylon is an apparent stocking mask. The fact that the jeans were wet from the knees down is consistent with the theory that they were worn while the owner walked in the snow. These facts connect the nylon stocking and appellant to the crime. It was correctly admitted. *Id.*

■ Appellant also contends that the jeans and a pair of gloves were improperly admitted into evidence. At trial he objected to the admission of these items on the basis of their changed material condition. These exhibits were wet when they were placed in plastic bags and by the trial date they had deteriorated from mold and mildew. Because they had changed in appearance, appellant argues that the exhibits lacked relevancy because they no longer matched in appearance with those described by the officer who witnessed the fleeing subject.

The jury viewed photographs of the jeans and the gloves which were taken at the time these items were obtained by police. Because the jury saw these photographs, the relevancy of these items was not destroyed by their deteriorated state upon trial. The exhibits tended to connect appellant with the commission of the crime and were relevant. *Baker v. State* (1984), Ind., 470 N.E.2d 346.

■ Appellant next contends that he was placed in great peril due to prosecutorial misconduct. During closing argument, the prosecutor stated that the defense failed to

bring in a certain witness, and that if the defense thought he could have brought him in he would have produced him, but he didn't.

Appellant made no objection at the time the prosecutor made the statement. The failure to complain of alleged errors at trial in a timely fashion results in waiver of that issue. *Robinson v. State* (1985), Ind., 486 N.E.2d 986. Because appellant failed to object at trial, no question is presented on this issue.

■ Appellant also contends that other misconduct occurred during the prosecutor's final argument. After speaking of the number of bank bags involved in the case, the prosecutor said that defense counsel had purposely misstated the evidence to try to confuse the jury. Defense counsel then objected to the statement the prosecutor made about the number of bank bags involved because defense counsel did not believe it was supported by the testimony.

Appellant now asserts that his conviction should be reversed because of the uncorrected attack on defense counsel's integrity. At trial, appellant made no objection to the prosecutor's inference which questioned defense counsel's credibility. Appellant may not rely upon an objection he made at trial to assert a different allegation of error on appeal. *Hernandez v. State* (1982), Ind., 439 N.E.2d 625. Appellant waived this issue for purposes of appeal.

Appellant contends that the trial court erred in allowing the State to amend its witness list during the trial and before the habitual offender hearing phase. At that time, appellant was told that two witnesses involved in his conviction of two prior felonies would testify. Appellant objected and his request for a continuance was granted. Two days later the two witnesses were allowed to testify. Appellant now argues that his ability to verify the witness's statements was compromised and the amendment to the witness list was prejudicial.

■ The trial court is in the best position to determine if any harm occurred due to noncompliance with an order for discovery, and its ruling will not be reversed absent clear error. *Campbell v. State* (1986), Ind., 500 N.E.2d 174. The appropriate action in these circumstances is for the defense to request a continuance so that they may interview the witnesses and determine if additional discovery is required. *Thompson v. State* (1986), Ind., 492 N.E.2d 264.

■ After the continuance had expired, appellant made no indication of a need for additional time. Exclusion of the evidence is required only where the failure to comply with the discovery order is grossly misleading or demonstrates bad faith. *Id.* Because appellant made no such showing, we find no error.

■ Appellant also asserts that he was prejudiced by the several amendments to the Habitual Offender Charging Information. The State filed an amended information to correct the date of a prior felony conviction from October 13, 1985, to October 13, 1982. Another amendment was made to correct the date of the other felony conviction from August 6, 1985, to September 6, 1985. The third amendment included the names of two additional witnesses and the information had been re-dated and re-signed. Appellant argues that the changes in these dates are material and because he was not informed by the State as to what prior felonies would be the basis of the habitual offender charge, he was unable to prepare his defense.

In the State's response to defendant's motion for discovery the State brought forth a commitment dated October 13, 1982, in which appellant was sentenced for five years, with three years suspended for burglary, and a sentencing order dated September 6, 1985, in which appellant had been given two two-year sentences to run concurrently for two counts of theft. The habitual offender information charged that appellant was convicted of burglary, for which he received a five-year sentence with three years suspended, and two counts of theft, for which he received a two-year sentence. It is evident that the felonies brought forth in the State's discovery re-

sponse were the same as those in the habitual offender charge.

We find that, although the State could have acted with greater care in the preparation of these documents, the amendments did not preclude appellant from being aware of the crimes which the State used to establish his habitual offender status. *Hudson v. State* (1983), Ind., 443 N.E.2d 834.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.