David Lynn SMITH, Appellant,

v.

STATE of Indiana, Appellee.

No. 41S00–8607–CR–700.

Supreme Court of Indiana.

Sept. 19, 1989.

Susan K. Carpenter, Public Defender, June D. Oldham, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

PER CURIAM.

Appellant was tried by jury on an information which charged him in Count I with child molesting, a Class C felony. I.C. 35–42–4–3(c). A verdict of guilty as charged was rendered. He was also tried by jury on Count II which alleged that he was a habitual offender. An affirmative verdict was rendered on Count II. The trial court enhanced the basic five-year sentence by an additional three years, and then enhanced that initial maximum eight years by an additional thirty years due to the habitual offender status, I.C. 35–50–2–6; I.C. 35–

50–2–8, making the total sentence thirty-eight years.

The gravamen of the charged offense was that appellant had sexual intercourse with his daughter in September 1985 when she was fourteen years of age. The gravamen of the habitual offender count was a 1975 conviction for aggravated assault and battery and a 1985 conviction for theft.

■ The first appellate claim is that the evidence serving to prove that sexual intercourse occurred is insufficient. Expressly, the proof of penetration is challenged. In resolving this question we do not weigh the evidence nor resolve questions of credibility but look to the evidence and reasonable inferences therefrom which support the verdict. The conviction will be reversed if, from that viewpoint, there is no evidence of probative value from which a reasonable trier of fact could infer guilt beyond a reasonable doubt. *Smith v. State* (1970), 254 Ind. 401, 260 N.E.2d 558; *Glover v. State* (1970), 253 Ind. 536, 255 N.E.2d 657.

■ The evidence includes the testimony of the daughter who said that she was, on a Monday or Wednesday in September 1985, a school day, upon returning home, approached by her father. He fondled her, placed her on a bed, climbed on top of her, and put his sex organ in her vagina. She testified that she could feel it move inside, and told him at the time that it hurt; whereupon he replied that she should relax and it would not hurt. This was a complete and graphic description of sexual intercourse including vaginal penetration by a male. Appellant's testimony that the external area surrounding the vagina was only touched created a conflict in the evidence for the trier of fact to resolve. Despite that conflict, the evidence is clearly sufficient on appeal.

Appellant's second appellate claim is that the evidence was insufficient to prove the allegations of Count II, namely that he had accumulated two prior unrelated felony convictions. Specifically, appellant points out that in the separate hearing on habitual offender status, the trial prosecutor did not formally reintroduce the evidence offered at the trial on the molesting charge, and now contends that in the absence of the incorporation of such proof at the second phase hearing, the evidence is insufficient to support the verdict on Count II.

■ The State's burden in the habitual offender phase of a felony trial is to prove beyond a reasonable doubt that the defendant has accumulated two prior unrelated felonies. *Williams v. State* (1981), 275 Ind. 603, 419 N.E.2d 134. Of course, the defendant must have committed the first and been sentenced for it before he commits and is sentenced for the second and the second sentencing must have preceded the commission of the offense of which he was found guilty in the first part of the trial. Clearly the State must introduce evidence during the habitual proceeding to prove the two priors. On the other hand, the jury hearing the habitual evidence already knows when the defendant committed the crime of which it has just found him guilty. The statute does not require the State to reprove that fact a second time to the same jurors. If a different jury heard the habitual part of the trial, of course, proof would be necessary. As for a related issue concerning the habitual proceeding, five days before trial the State filed notice that it would seek to have Smith declared a habitual offender. Appellant also alleges error in the trial court's denial of his motion for continuance. Such a denial may be grounds for reversal when the State's late filing prejudices the substantial rights of the defendant. *Radford v. State* (1984), Ind., 468 N.E.2d 219. Beyond asserting generally, and inadequately that the shortness of time prevented him from raising "any of the legally allowable defenses," Smith suggests he needed more time to challenge the facial invalidity of the evidence of prior convictions. Such facial invalidity, of course, may be established, if at all, by simple inspection of the State's exhibits. We are not persuaded that the trial court erred when five days were available to conduct that inspection.

■ Appellant next contends that the court committed error when permitting

the daughter to describe sexual contact with him occurring prior to the charged event and in considering such uncharged prior sexual contact as aggravation when sentencing. At trial, the daughter was permitted, over objection, to describe oral and anal sexual contact which she had with appellant during a four-year period preceding the charged intercourse. Such evidence is admissible at trial on such charges to show a continuing plan to exploit and sexually abuse a child, an exception to the general rule against admitting evidence of prior, separate, independent and distinct crimes not charged. *Clifford v. State* (1985), Ind., 474 N.E.2d 963. Likewise, the fact that a party has engaged in molesting a child over a long period of time, while not one of the factors enumerated by statute as an aggravating factor, may properly be considered as one. *Kelly v. State* (1983), Ind., 452 N.E.2d 907.

■■■ Appellant's final assertion of error challenges the trial court's ruling admitting his confession over objection. The objection to the general voluntariness of the confession required application of the constitutional standard of the Due Process Clause of the Fourteenth Amendment. That standard calls for the trial court to focus on the behavior of the State's law enforcement officials, to ignore the probable truth or falsity of the confession, and to determine whether that official behavior was such as to overbear the defendant's will to resist and to bring about a confession not freely self-determined. *Rogers v. Richmond,* 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed.2d 760 (1961). A confession is not admissible if it is the product of threats, physical abuse, or direct or implied promises. *Ashby v. State* (1976), 265 Ind. 316, 354 N.E.2d 192. On appeal, we look to all of the circumstances. In determining whether the State has met its burden of proving voluntariness beyond a reasonable doubt, this Court on appeal will consider any uncontroverted evidence presented by appellant, and in the case of conflicting evidence, that which supports the trial court's decision. *Coppock v. State* (1985), Ind., 480 N.E.2d 941. Appellant testified that the officers threatened to shoot him when arresting him at home, and while transporting him to headquarters, and that he was afraid they would do so. He also testified that they threatened to put his wife in jail and take away his seven children if he did not confess, and that he was afraid for them. He also testified that they told him they would tell the other inmates in the jail that he was in for child molesting, and he therefore feared for his life. He likewise said they told him he would get the lenient "C side" treatment if he confessed.

Officers Dan Ralph and Charlene Dougherty testified in support of admission and denied threatening him at his home or while he was being transported to jail. When arrested, he was required to lean against the house, and handcuffs were placed on him. He was given his *Miranda* rights in the squad car. He signed a written waiver. Nothing was said about what happens to child molesters in jail. Appellant expressed concern for his family, and in response the officers described a lenient program for people in his predicament, but did not represent that it would be recommended for him. They described appellant as being friendly throughout the arrest, booking and interrogation procedures, but concerned for his family. Based upon the foregoing, the evidence of threats and promises is entirely in conflict. The testimony of the officers was susceptible of belief and, if believed, was sufficient to support the conclusion of the judge that appellant's confession was the product of his rational intellect and free will and was not made on the basis of threats, coercion, or promises of leniency. To the extent that the mere arrest by armed police, the transport by squad car and discussion of an available special program created an atmosphere posing a form of threat, coercion and possible lenient treatment, such atmosphere is consistent with voluntariness. Accordingly, the trial court correctly ruled that the confession was shown admissible.

The conviction is affirmed.

SHEPARD, C.J., and GIVAN, PIVARNIK and DICKSON, JJ., concur.

DeBRULER, Justice, concurring and dissenting.

I concur in affirming appellant's conviction, but would remand the case to the trial court to modify the sentence by imposing an eight-year sentence, or to conduct other consistent proceedings.

There is validity to appellant's second appellate claim that the evidence was insufficient to prove that he had accumulated two prior unrelated felony convictions. Appellant was tried upon the charge that he had sexual intercourse with his daughter on "Monday or Wednesday in September, 1985." The court permitted the daughter to testify at the trial on such charge that appellant had had sexual contact with her, including intercourse, periodically since 1981. The jury did not receive an instruction on the limited purpose of this evidence of other separate and distinct crimes, and the jury returned a general verdict of guilty.

The time of the commission of the charged offense was not of the essence at the trial on guilt or innocence; however, at the habitual offender stage of the trial, the time of the commission of the charged offense was of the essence because it was the burden of the prosecution to prove at such habitual offender stage that the commission of the charged offense, here child molesting, occurred after appellant's most recent sentence for theft in 1985. *Moredock v. State* (1987), Ind., 514 N.E.2d 1247. In the absence of an express incorporation of the trial evidence at the habitual offender stage, either upon motion of the prosecutor or upon the court's own motion, there is simply insufficient basis in the record upon which to conclude that the required and discrete determination of the proper time relationship, between the commission of the charged offense and his most recent sentence upon a conviction for theft, was made by the jury. It does not appear that the jury was called to the task of determining the date of the commission of the charged offense, but was left instead to base its habitual offender determination simply upon the general verdict of guilty and the proof of prior convictions. Under these circumstances, I would set aside the habitual offender determination.