**Lonnie BROOKE, Appellant
(Defendant Below),**

v.

**STATE of Indiana, Appellee
(Plaintiff Below).**

**No. 75A03–8907–CR–293.**

Court of Appeals of Indiana,
Third District.

Feb. 12, 1990.

Martin R. Lucas, North Judson, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Lonnie Brooke appeals his conviction of being an habitual offender, asking this court to address the following two issues: [1]

I.  Whether his habitual offender conviction was erroneous because of the lack of evidence presented to the jury concerning the date of the commission of his second alleged prior felony conviction?

II.  Whether his habitual offender conviction was erroneous because of the lack of evidence presented to the jury concerning the date of the commission of the principal felony?

Reversed.

Lonnie Brooke (Brooke) was convicted of two counts of Burglary and two counts of Theft in April of 1986; he was also found to be an Habitual Offender. The Indiana Supreme Court affirmed these convictions [2] in *Brooke v. State* (1987), Ind., 516 N.E.2d 9. Subsequently, via counsel, Brooke filed

---

**1.** Our disposition of Issue I makes it unnecessary for us to reach Issue II.

**2.** While Brooke's Motion to Correct Error contained a challenge to the sufficiency of the evidence to support his habitual offender conviction, it challenged the date of *conviction* of the second felony; however, this issue was not decided.

a Motion to Correct Erroneous Sentence,[3] alleging that the evidence was insufficient to support an Habitual Offender Conviction.

At his habitual offender trial, the dates of commission, conviction, and sentencing of Brooke's first alleged prior felony were submitted to the jury. However, the dates of commission, conviction, and sentencing of Brooke's second alleged prior felony were contained in Exhibit # 2, which also contained information which Brooke's attorney considered not suitable for the purview of the jury. The State agreed and offered not to display Exhibit # 2 to the jury. Consequently, although an officer testified that Brooke committed the second alleged prior felony subsequent to the sentencing for the first alleged prior felony, this testimony was the sole evidence before the jury concerning the date of the commission of Brooke's second alleged prior felony. Finally, although the same jury sitting at Brooke's habitual offender trial had two days earlier convicted Brooke of two counts of burglary and theft, no evidence of Brooke's principal felony, i.e., the burglary and theft, was presented to the jury at Brooke's habitual offender trial. Consequently, Brooke claims that the court erred in denying his Motion to Correct Erroneous Sentence; Brooke now appeals the denial of that Motion.

## I.

### Date of Commission Of Second Prior Felony

Brooke claims there is insufficient evidence to support his Habitual Offender conviction insofar as there was no evidence before the jury concerning the date upon which Brooke committed his second alleged prior felony. In response, the State argues that Brooke waived this claim, that Brooke invited the error, and that sufficient evidence supports Brooke's conviction.

■ The habitual offender statute requires the State to show that the defendant has been convicted and sentenced for felonies on two occasions prior to the commission of the principal felony offense, for which enhancement is being sought under the habitual offender statute. *Jordan v. State* (1987), Ind., 510 N.E.2d 655, 659. To meet the sequential requirement of the statute, the commission of the principal felony offense must have occurred after the sentencing for the second prior felony, which must have been committed subsequent to the first prior felony's sentencing. *Id.*

■ Furthermore, contrary to the State's assertion, the Indiana Supreme Court has stated that the lack of evidence of the date of commission of the second prior felony offense is viewed "as *fundamental error* as it renders the evidence insufficient to support the determination of habitual offender[.]" (Emphasis added.) *Jordan, supra,* at 660.

■ Here, evidence of the date of commission of Brooke's second alleged prior felony was contained in Exhibit # 2, a compilation of charging informations. However, contrary to the assertions made by the State, Brooke's attorney did not request that Exhibit # 2 in its entirety be withheld from the jury; rather, his attorney requested that only those portions referring to the irrelevant charges not be submitted to the jury.

MR. LUCAS: Your Honor, I made a Motion In Limine with regards to closing argument that *the State in no way refer to or expose the Jury to any information contained in State's Exhibits 1 and 2, that refers to the unnonconvicting* [sic] *counts, the dropped counts, the dismissed counts on those prior Charging Informations,* and that the State not refer to that, nor would they allow the Jury to view any of those Charging Informations that list counts that were dismissed or plea agreements that show dismissal of counts[.]

MR. MOERLEIN: Your Honor, *the State will not display the Exhibits*

---

**3.** Previous to this, Brooke had filed a *pro se* Petition for Post–Conviction Relief, asserting that the evidence was insufficient to support an Habitual Offender Conviction. However, Brooke subsequently withdrew this *pro se* petition.

*Numbered 1 and 2, to the Jury.* The State will not mention the dismissed counts contained in the Charging Information as shown in Exhibits 1 and 2. (Emphasis added.)

Record, p. 395, 11. 4–13, 17–20. Thus, contrary to the State's assertion, Brooke's attorney did not request that Exhibit # 2 be withheld in its entirety from the jury; Brooke's attorney merely requested that certain portions of Exhibit # 2 be withheld. The State *offered* not to submit Exhibit # 2 to the jury. Brooke's attorney did not invite the error.

Additionally, although the State claims that the date of commission of the second offense was before the jury via the testimony of Officer Hignite, such was not the case. This officer merely testified that the second offense occurred after the sentencing for the first offense.

Q. [Mr. Moerlein]: Okay. When were those charges filed?

A. [Officer Hignite]: On October 17th of 1984.

Q. And the occurrences of those two counts, when they actually ... when the Defendant committed the crime, did those occur before or after he was sentenced on the matter that you heard Commissioner Matsey and Mr. Geisler testify to?

A. Pardon me?

Q. The occurrence of the two crimes of theft that you have before you ...

A. Yes, sir.

Q. ... okay, did those occur before or after the Defendant, Lonnie Brooke, was sentenced on the prior cause that Commissioner Matsey and Mr. Geisler testified to?

A. It was after.

Record, p. 387, 11. 15–25, p. 388, 11. 1–3. Thus, no testimony was provided as to the date of commission of the second alleged prior felony. Officer Hignite merely testified that the second alleged prior felony was committed after the sentencing for the first prior felony. Such determination is within the province of the jury.

An identical situation occurred in *Youngblood v. State* (1987), Ind., 515 N.E.2d 522.

In *Youngblood,* the parties agreed to exclude certain portions of the Exhibits from the purview of the jury. There, too, testimony was provided which could imply the proper sequence of events had occurred. However, the Indiana Supreme Court noted that:

[W]hen the trial judge read the agreed on facts to the jury, he stated the conviction and sentencing occurred in July, 1977, but did not advise the jury of the date of commission of the second felony. Thus, there was no evidence before the jury to prove the commission of the second felony was after the date of sentencing on the first felony.

*Youngblood, supra,* at 528. Consequently, the Indiana Supreme Court concluded that "[t]here is insufficient proof for the habitual offender finding and it must be set aside." *Id.*

As in *Youngblood,* in the present case there was no evidence before the jury as to the date of commission of Brooke's second alleged prior felony. Consequently, the habitual offender conviction is not supported by sufficient proof. We therefore set it aside.

Reversed.

HOFFMAN, P.J., concurs in result.

SULLIVAN, J., dissents with separate opinion.

SULLIVAN, Judge, dissenting.

To require evidence of the specific month, day and year of the commission of the second prior felony, when the sequential requirement has been otherwise established, is to elevate form over substance.

As noted by the majority opinion, *Youngblood v. State* (1987) Ind., 515 N.E.2d 522, 528, reversed an habitual offender determination because "there was no evidence before the jury to prove that the commission of the second felony was after the date of sentencing on the first felony." The situation before us is decidedly different and meets the test of *Youngblood.* Again, as noted by the majority, Officer Hignite clearly testified without objection that the

second offense was committed after sentencing on the first felony.

I fail to understand or appreciate the basis for the reversal. Accordingly, I would affirm the decision of the trial court.