STATE of Indiana, Petitioner (Appellee–Plaintiff below),

v.

Lonnie BROOKE, Respondent, (Appellant–Defendant below).

No. 75S03–9101–CR–52

Supreme Court of Indiana.

Jan. 23, 1991.

Martin R. Lucas, North Judson, for respondent.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for petitioner.

## ON PETITION TO TRANSFER

KRAHULIK, Justice.

This cause comes to us pursuant to a petition to transfer filed by the State of Indiana. Lonnie Brooke was convicted in April, 1986, on two counts of Burglary and two counts of Theft and was found to be an Habitual Offender. His convictions were affirmed by this Court in *Brooke v. State* (1987), Ind., 516 N.E.2d 9. A Motion to Correct Erroneous Sentence, alleging insufficient evidence to support the habitual offender determination, was denied by the trial court. The Court of Appeals reversed. *Brooke v. State* (1990), Ind.App., 550 N.E.2d 89. The Court of Appeals found that the State had not presented sufficient evidence to prove that the second offense supporting the habitual offender status had been committed after conviction and sentencing on the first. The Court of Appeals did not address an additional issue raised by Brooke concerning the sufficiency of the evidence to prove that the princi-

pal offense was committed after conviction and sentencing on the second prior offense.

The State's petition to transfer addresses only the sufficiency of evidence to support the commission date of the second prior offense. However, because we vacate the Court of Appeals on that issue, we will also address the second issue raised before that court.

### I

The record shows that the first offense was committed on June 1, 1982, and that Brooke was convicted and sentenced on October 13, 1982. Brooke's second offenses were committed on March 25 and July 15, 1984, and he was convicted and sentenced for those offenses on September 6, 1985. These facts were all shown through State's Exhibits 1 and 2, admitted into evidence. However, pursuant to a defense objection concerning Exhibit 2, which was used to prove the second prior offense, the State agreed to have its witness read relevant portions to assure that the jury would not see objectionable information contained within that document. Officer Frederick Hignite, who testified in regard to the second prior offense, testified that Brooke committed the second offense after being convicted and sentenced on the first, but he did not state the exact date of commission. The Court of Appeals held that, although the commission dates were contained within the exhibit, the habitual offender determination could not be supported because Hignite had not read the commission dates aloud to the jury.

We disagree. Hignite testified that he had personal knowledge of the proceeding of the second prior offense and that the second offense was committed after conviction and sentencing on the first. We conclude that this evidence was sufficient to allow the jury to determine that Brooke was an habitual offender. *See Foster v. State* (1985), Ind., 484 N.E.2d 965, 966 (habitual offender status can be proven by means other than certified court records); *Connell v. State* (1984), Ind., 470 N.E.2d 701, 708 (testimony of judge and probation officer held sufficient).

*Youngblood v. State* (1987), Ind., 515 N.E.2d 522, cited in support of the Court of Appeals' decision, represents a different situation. In *Youngblood, no evidence* was submitted regarding the required statutory sequence of the commission of the two prior unrelated felonies. *Id.* at 527. Therefore, we hold that *Youngblood* does not apply in the present case. The habitual offender statute, Ind.Code § 35–50–2–8, requires proof that the second offense was committed after conviction and sentencing on the first and that the principal offense was committed after conviction and sentencing on the second. This was accomplished at Brooke's habitual offender hearing.

## II

■ Brooke additionally contends that there was insufficient evidence to support his habitual offender status because, during the habitual offender stage of the proceedings, the State did not submit any evidence of the commission date of the principal offense being enhanced. However, the jury being presented with evidence regarding Brooke's habitual offender status was the same jury which had just found him guilty of Burglary and Theft. Although the usual and better procedure is for the State to move for admission of all evidence from the guilt phase of the trial into the sentencing phase, we do not believe this omission requires a reversal of the habitual offender determination. The identical jury which had convicted Brooke of the principal offense could utilize evidence of the date of the commission of that offense in order to conclude that the statutorily required sequence of events had occurred.

Accordingly, transfer is granted, the opinion of the Court of Appeals is vacated, and the trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ. concur.