**Lonnie M. BROOKE, Petitioner,**

v.

**Jack R. DUCKWORTH; and Indiana Attorney General, Respondents.**

**Civ. No. S91–465.**

United States District Court, N.D. Indiana, South Bend Division.

March 2, 1992.

Lonnie M. Brooke, pro se.

Ronald J. Semler; Indianapolis, for respondents.

### *MEMORANDUM AND ORDER*

ALLEN SHARP, Chief Judge.

On September 12, 1991, *pro se* petitioner, Lonnie M. Brooke, an inmate at the Indiana State Reformatory, filed a petition seeking relief under 28 U.S.C. § 2254. The return filed by the respondents on November 12, 1991, demonstrates the necessary compliance with *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir.1982). After several extensions, the petitioner filed a Traverse on January 27, 1992. The state court record has been filed and examined pursuant to the mandates of *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

The petitioner was convicted in the Starke Circuit Court on April 25, 1986, of two counts of burglary and two counts of theft. He was found to be an habitual offender. Judge Marvin D. McLaughlin of that court sentenced this petitioner to five years on the theft count, and an enhanced sentence of 30 years as an habitual offender, other sentences to run concurrently. On direct appeal, the Supreme Court of Indiana, speaking through Justice Givan, affirms the conviction as reported in *Brooke v. State,* 516 N.E.2d 9 (Ind.1987). Later, this petitioner filed a motion to modify what was claimed to be an erroneous sentence with the state trial court, alleging that the evidence was insufficient to

---

support the determination of the habitual offender status. The state trial court denied such relief and the Court of Appeals of Indiana, Third District, speaking through Judge Staton, with Judge Hoffman concurring in result and Judge Sullivan dissenting with opinion, reversed the state trial court's denial of post-conviction relief. *See Brooke v. State,* 550 N.E.2d 89 (Ind.App.1990). Subsequently the Supreme Court of Indiana granted transfer, and Justice Krahulik unanimously vacated the opinion of the Court of Appeals of Indiana and reaffirmed the decision of the Starke Circuit Court. *See State v. Brooke,* 565 N.E.2d 754 (Ind.1991).

This court is well aware of the evidentiary niceties that inhere in problems of proof under Indiana Code § 35–50–2–8, as follows:

**35–50–2–8. Habitual offenders.**—(a) The state may seek to have a person sentenced as a habitual offender for any felony by alleging, on a page separate from the rest of the charging instrument, that the person has accumulated two (2) prior unrelated felony convictions.

(b) After he has been convicted and sentenced for a felony committed after sentencing for a prior unrelated felony conviction, as person has accumulated two (2) prior unrelated felony convictions. However, a conviction does not count, for purposes of this subsection, if:

(1) It has been set aside; or

(2) It is one for which the person has been pardoned.

(c) If the person was convicted of the felony in a jury trial, the jury shall reconvene for the sentencing hearing; if the trial was to the court, or the judgment was entered on a guilty plea, the court alone shall conduct the sentencing hearing, under IC 35–38–1–3.

*See Williams v. Duckworth,* 738 F.2d 828 (7th Cir.1984), *cert. denied,* 469 U.S. 1229, 105 S.Ct. 1229, 84 L.Ed.2d 367 (1985). *See also Chandler v. Richards,* 935 F.2d 915, 917 (7th Cir.1991) and *Jones v. Thieret,* 846 F.2d 457, 462 (7th Cir.1988).

Justice Stewart, speaking for the Supreme Court of the United States in *Jackson v.*

*Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), stated:

A judgment by a state appellate court rejecting a challenge to evidentiary sufficiency is of course entitled to deference by the federal courts, as is any judgment affirming a criminal conviction. But Congress in § 2254 has selected the federal district courts as precisely the forums that are responsible for determining whether state convictions have been secured in accord with federal constitutional law. The federal habeas corpus statute presumes the norm of a fair trial in the state court and adequate state postconviction remedies to redress possible error. See 28 U.S.C. § 2254(b), (d). What it does not presume is that these state proceedings will always be without error in the constitutional sense. The duty of a federal habeas corpus court to appraise a claim that constitutional error did occur—reflecting as it does the belief that the "finality" of a deprivation of liberty through the invocation of the criminal sanction is simply not to be achieved at the expense of a constitutional right—is not one that can be so lightly abjured.

*Id.* at 323, 99 S.Ct. at 2791. The Supreme Court in *Jackson* held:

We hold that in a challenge to a conviction brought under 28 U.S.C. § 2254—if the settled procedural prerequisites for such a claim have otherwise been satisfied—the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at trial no rational trier of fact could have found proof beyond a reasonable doubt.

*Id.* (footnote omitted). *See also Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981); *Dooley v. Duckworth,* 832 F.2d 445 (7th Cir.1987), *cert. denied,* 485 U.S. 967, 108 S.Ct. 1239, 99 L.Ed.2d 438 (1988); *United States ex rel. Haywood v. O'Leary,* 827 F.2d 52 (7th Cir.1987); *Bryan v. Warden, Indiana State Reformatory,* 820 F.2d 217 (7th Cir.), *cert. denied,* 484 U.S. 867, 108 S.Ct. 190, 98 L.Ed.2d 142 (1987); *Shepard v. Lane,* 818 F.2d 615 (7th Cir.), *cert. denied,* 484 U.S. 929, 108 S.Ct. 296, 98 L.Ed.2d 256 (1987); and *Perri v. Director,*

*Department of Corrections,* 817 F.2d 448 (7th Cir.), *cert. denied,* 484 U.S. 843, 108 S.Ct. 135, 98 L.Ed.2d 92 (1987).

A review of the record in the light most favorable to the prosecution convinces the court that a rational trier of fact could readily have found the petitioner guilty beyond a reasonable doubt of theft.

Even though there are several and conflicting opinions in this case, certainly the facts as most recently found by the highest court in the State of Indiana must be presumed correct. 28 U.S.C. § 2254(d). Without quoting, this court takes note of both Parts I and II of Judge Krahulik's succinct and direct opinion at 565 N.E.2d 755–756, understanding the need under *Miller v. Fenton,* 474 U.S. 104, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985), to make an independent examination of the record and this court has done so, this court can also presume as correct the most recent factual statement from the Supreme Court of Indiana. The prosecution met its burden with regard to the habitual offender phase of the trial under *Jackson,* 443 U.S. at 307, 99 S.Ct. at 2781, as well as under the relevant law in the State of Indiana, namely, *Smith v. State,* 543 N.E.2d 634, 636 (Ind.1989).

One must have professional respect for the 26–page Traverse filed on January 27, 1992 by the petitioner, which is in excellent professional form and deserves and has received careful attention here. It must be remembered that 28 U.S.C. § 2254 is not a direct appeal or direct common law review with regard to a state criminal conviction. The focus is on constitutional deficiencies, as defined in *Bell v. Duckworth,* 861 F.2d 169 (7th Cir.1988), *cert. denied,* 489 U.S. 1088, 109 S.Ct. 1552, 103 L.Ed.2d 855 (1989). The collateral review provided for while fundamental is limited. It is somewhat difficult to tell the kind of constitutional challenge that is lodged with reference to IC 35–50–2–8, but certainly, as a basic and fundamental matter, that statute is authorized under the Due Process Clause of the Constitution of the United States. *See Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). This circuit and this court have dealt specifically with constitutional challenges to IC 35–

50–2–8. *See Baker v. Duckworth,* 752 F.2d 302 (7th Cir.), *cert. denied,* 472 U.S. 1019, 105 S.Ct. 3483, 87 L.Ed.2d 618 (1985), and *Denton v. Duckworth,* 873 F.2d 144 (7th Cir.), *cert. denied,* 493 U.S. 941, 110 S.Ct. 341, 107 L.Ed.2d 330 (1989). In this court, see *Hicks v. Duckworth,* 708 F.Supp. 214 (N.D.Ind. 1989), *aff'd,* 922 F.2d 409 (7th Cir.1991), and *Collins v. Duckworth,* 559 F.Supp. 541 (N.D.Ind.1983).

A considerable challenge is made by this petitioner to the most recent opinion of the Supreme Court of Indiana authored by Justice Krahulik. The reasoning and result there announced is not at odds in any way with *Williams,* 738 F.2d at 828. This court, while greatly respecting the craftsmanship and formal quality of the Traverse, does not agree that the most recent statement of the Supreme Court of the United States seriously undermines the Sixth Amendment right to a trial by jury. Most recently, the Supreme Court of the United States has examined the Sixth Amendment right to confrontation. *See Michigan v. Lucas,* —— U.S. ——, 111 S.Ct. 1743, 114 L.Ed.2d 205 (1991); *Maryland v. Craig,* 497 U.S. 836, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990), and *Coy v. Iowa,* 487 U.S. 1012, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988). There is no doubt that the same jury that heard the first phase of the case heard the second phase of the case. There is also no doubt that the jury, while listening to the second phase of the case, had every right to consider all that it had heard in the first phase. There is nothing with regard to the bifurcation requirement under I.C. 35–50–2–8 that requires the jury to put on psychological blinders and consider only what it has heard in the second phase. There are very good due process reasons for this bifurcated procedure, but with all deference, it is the belief of this court that this petitioner takes a far too restrictive view of the requirements under it.

There is no basis for the granting of the petition for a writ in this case. Therefore, the same is now **DENIED. IT IS SO ORDERED.**