993 F.2d 1549
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lonnie M. BROOKE, Petitioner-Appellant,
v.
Jack R. DUCKWORTH and Attorney General of Indiana,
Respondents-Appellees.
 No. 92-1797.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 12, 1993.*
 Decided May 19, 1993.
 
 Before BAUER, Chief Judge, and EASTERBROOK and RIPPLE, Circuit Judges.
 
 Order
 
 1
 A jury convicted Lonnie M. Brooke in 1986 of two counts of burglary and two counts of theft. The same jury found that Brooke is an habitual offender, see Ind.Code § 35-50-2-8, which enhanced his sentence from 5 to 35 years. The Supreme Court of Indiana affirmed, 516 N.E.2d 9 (1987), and denied Brooke's petition for collateral relief, 565 N.E.2d 754 (1991). Brooke sought a writ of habeas corpus under 28 U.S.C. § 2254 and appeals from the district court's order denying his petition.
 
 
 2
 Indiana law provides for treatment as an habitual offender of anyone who commits a felony after twice being convicted of felonies. Brooke believes that the evidence does not show that he committed the current offenses after the two prior convictions, as Indiana law requires. E.g., Youngblood v. State, 515 N.E.2d 522, 527 (Ind.1987); Steelman v. State, 486 N.E.2d 523 (Ind.1985). The Supreme Court of Indiana found the evidence of the statutory sequence sufficient, observing that there was testimony that the other convictions were indeed "prior" and that the record of the trial automatically became part of the record of the sentencing proceeding. Brooke contends that only documents evidencing the dates of the prior convictions suffice and that the record of trial does not carry over to the sentencing. These appear to be issues of state law, which have been conclusively resolved by the Supreme Court of Indiana. See also, e.g., Estelle v. McGuire, 112 S.Ct. 475 (1991).
 
 
 3
 In order to produce a federal issue, Brooke insists that the Constitution requires the state to prove the prior convictions beyond a reasonable doubt, see Specht v. Patterson, 386 U.S. 605 (1967), which in turn activates federal review of the evidence under Jackson v. Virginia, 443 U.S. 307 (1979). We started down that path in Williams v. Duckworth, 738 F.2d 828 (7th Cir.1984), before the Supreme Court clarified the law in holding that states may impose recidivist sentences on the basis of a preponderance of the evidence rather than proof beyond a reasonable doubt. McMillan v. Pennsylvania, 477 U.S. 79 (1986). Since McMillan we have been reluctant to review state sentences through the vehicle of Jackson. See Jones v. Thieret, 846 F.2d 457 (7th Cir.1988); Reed v. Clark, 984 F.2d 209, 210 (7th Cir.1993).
 
 
 4
 The proper scope of Williams after McMillan is a subject we need not pursue. The evidence here was sufficient by any standard. We quote from the Supreme Court of Indiana, 565 N.E.2d at 755:
 
 
 5
 The record shows that the first offense was committed on June 1, 1982 and that Brooke was convicted and sentenced on October 13, 1983. Brooke's second offenses were committed on March 25 and July 15, 1984, and he was convicted and sentenced for these offenses on September 6, 1985. These facts were all shown through State's Exhibits 1 and 2, admitted into evidence. However, pursuant to a defense objection concerning Exhibit 2, which was used to prove the second prior offense, the State agreed to have its witness read relevant portions to assure that the jury would not see objectionable information contained within that document. Officer Frederick Hignite, who testified in regard to the second prior offense, testified that Brooke committed the second offense after bring convicted and sentenced on the first, but he did not state the exact date of commission.
 
 
 6
 Indiana has not obliged itself to prove the "exact date" of the prior offenses, as opposed to the sequence in which the offenses were committed. Officer Hignite's testimony established all that state law requires be established, and the Constitution of the United States does not call for more.
 
 
 7
 During the guilt phase of trial, Indiana established that Brooke committed the current principal offenses on December 6, 1985, after the conviction for the second set of prior offenses. Nothing in the Constitution requires the state to re-introduce the same evidence at the penalty phase, which the same jury decides on the record already compiled. The prosecution need not re-prove the dates any more than it need re-prove the existence of the crime, or the identity of the defendant.
 
 
 8
 None of Brooke's other arguments requires comment.
 
 
 9
 AFFIRMED.
 
 
 10
 RIPPLE, Circuit Judge, concurring.
 
 
 11
 I concur in the judgment and join the order of the court except insofar as it engages in unnecessary speculation with respect to the scope of McMillan v. Pennsylvania, 477 U.S. 79 (1986).
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record