Melvin **TUNSTILL**, Appellant (Defendant Below),

v.

**STATE of Indiana**, Appellee (Plaintiff Below).

No. 49S00–0005–CR–327.

Supreme Court of Indiana.

March 20, 2001.

Michael R. Fisher Indianapolis, IN, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, James B. Martin, Deputy Attorney General Indianapolis, IN, Attorneys for Appellee.

SHEPARD, Chief Justice.

Melvin Tunstill was convicted and sentenced for dealing in cocaine. On appeal, he challenges the trial court's finding that he is an habitual offender and its weighing of his mitigating circumstances.

**Facts and Procedural History**

In May 1999, Tunstill appeared in court and acknowledged that he had sold cocaine to an undercover police officer on September 18, 1997. He pled guilty to one count of dealing in cocaine, a class A felony, and the court accepted his plea. There was an habitual offender charge, and a court trial on that charge commenced after a brief recess.

The State called Richard Manship, a criminal records processor and record keeper for the Indianapolis Police Department identification branch. Manship identified certified copies of original arrest reports that indicated by name, birth date, social security number, and gallery number that Tunstill had been sentenced for manslaughter in 1988, and sentenced for his 1996 act of dealing in cocaine on July 18, 1997. The records showed Tunstill's arrest on October 3, 1997, for the present charge of dealing in cocaine on September 18, 1997.[1]

The trial court found that Tunstill was an habitual offender. It imposed a presumptive sentence of thirty years for Tunstill's current crime and added ten years under the habitual offender statute. After the prosecutor questioned the accuracy of the enhancement, the court revised the sentence, saying, "It's enhanced by 30 years." (R. at 182.) The sentence thus totals sixty years.

**I. Sufficiency of the Evidence**

Tunstill first argues that the evidence did not support the finding that he is an habitual offender because the State failed to establish that the present offense occurred after his two prior felonies. (Appellant's Br. at 7.)[2]

---

1. Manship also testified that a fingerprint obtained from Tunstill on the day of trial matched the fingerprint on each of the three arrest reports.

2. To find that Tunstill is an habitual offender, the State must prove beyond a reasonable doubt that he "accumulated two (2) prior unrelated felony convictions." Ind.Code Ann. § 35–50–2–8(d)(West 1998). The State must also prove that Tunstill committed and was sentenced for the first felony before he committed and was sentenced for the second felony. *Smith v. State,* 543 N.E.2d 634, 636 (Ind. 1989). Similarly, the evidence must establish that Tunstill's commission and sentence of the

During the habitual offender trial, the State introduced a certified copy of the original arrest report that indicated that Tunstill was arrested on October 3, 1997, for a dealing in cocaine charge, with a cause number 97–146841. Tunstill was convicted of this crime when the court took his guilty plea earlier in the proceeding.

Tunstill's sufficiency argument focuses on a moment during the habitual phase when the prosecutor asked Manship whether Tunstill "was arrested on October 3, *1977* under cause number 97–146841 for dealing in cocaine as a class A felony?" (R. at 132) (emphasis added). Manship answered affirmatively. This answer, Tunstill contends, means that the State did not prove he committed his current crime after being sentenced on his 1997 offense.

It is clear from the record that the prosecutor intended to question Manship regarding Tunstill's arrest on October 3, *1997*. Both the crime and the cause number recited in the prosecutor's question related to Tunstill's most recent conviction. Inasmuch as the court had just taken Tunstill's plea to this offense, the State need not have proven again the date that the current offense was committed when the trier of fact during the habitual phase is the same trier that just found the defendant guilty. *Smith*, 543 N.E.2d at 636.

The evidence was sufficient to find that Tunstill was an habitual offender.

## II. Weighing the Mitigation

■ Tunstill next argues that the trial court should have afforded greater mitigating weight to his guilty plea when it realized that the habitual offender statute required it to enhance the sentence by thirty years. (Appellant's Br. at 11.)

■ The sentencing decision is within the discretion of the trial court and will be reversed only for a manifest abuse of that discretion. *Sims v. State*, 585 N.E.2d 271, 272 (Ind.1992).

The court cited Tunstill's prior criminal history as an aggravator, and both his admission of responsibility by plea agreement and remorse as mitigators. Determining that these factors balanced, the court sentenced Tunstill to a thirty-year presumptive sentence on his dealing cocaine conviction.

It further enhanced the sentence by ten years under the habitual offender statute. This was a mistake quickly corrected. Indiana Code § 35–50–2–8(e) requires the court to "sentence a person found to be a habitual criminal to an additional fixed term that is not less than the presumptive sentence for the underlying offense nor more than three (3) times the presumptive sentence for the underlying offense. However, the additional sentence may not exceed thirty (30) years." Once the judge realized his mistake,[3] he revised the order

---

second felony "preceded the commission of the offense of which he was found guilty in the first part of the trial." *Id.*

3. The court realized its mistake after the following dialogue occurred between the court, Ms. South, the prosecuting attorney, and Mr. Tompkins, the defense attorney:

MS. SOUTH: Your Honor, I'm sorry. What—What was the sentence on the A felony?
THE COURT: Thirty.
MS. SOUTH: And what was the sentence on the habitual?
THE COURT: Ten.
MS. SOUTH: On an A felony you can do ten years?
THE COURT: It's ten to thirty, isn't it?
MR. TOMPKINS: Yeah.

THE COURT: Isn't the range ten to thirty?
MS. SOUTH: On an A felony?
THE COURT: I'm pretty sure. What do you think it is?
MS. SOUTH: I thought it was a minimum of thirty.
THE COURT: And a maximum of? Well, let's see here, *Indiana Code 35–50–2–8*, three times the presumptive for the underlying is the maximum, not less than the presumptive of the underlying offense, so I think it is 30. So it is 30 years. It's enhanced by 30 years. Anything else at this time, then, Mr. Tompkins?
MR. TOMPKINS: No, Your Honor.
(R. at 182.)

and enhanced Tunstill's sentence by thirty years. (R. at 182.)

In effect, Tunstill claims the trial court should have reduced the sentence on the present cocaine charge to compensate for its lack of discretion regarding the habitual offender enhancement. A judge might well do this, in order to assure that the overall sentence is appropriate to the offense and the offender. Here, the trial judge concluded that the "aggravating and mitigating circumstances balance." (R. at 180.) It thus imposed the presumptive sentence for the instant crime and added the habitual offender enhancement. We are not persuaded that this was an abuse of discretion.

### Conclusion

We affirm the judgment of the trial court.

DICKSON, SULLIVAN, BOEHM, and RUCKER, JJ., concur.