Kevin D. SPEER, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 79A02–0011–PC–713.

Court of Appeals of Indiana.

July 31, 2001.

Earl E. McCoy III, Law Office of Patrick K. Harrington, Lafayette, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Martha Warren–Rosenfeld, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATTINGLY–MAY, Judge.

Kevin Speer[1] appeals his sentence imposed pursuant to a plea agreement. We restate the issue Speer raises on appeal as whether the trial court erred in imposing on Speer an executed sentence longer than that provided for in Speer's plea agreement.

We remand.

## FACTS AND PROCEDURAL HISTORY

On December 16, 1999, the trial court approved a plea agreement between Speer and the State. The agreement provided Speer would plead guilty to charges of operating while intoxicated with a prior conviction, possession of marijuana with a prior conviction, and being an habitual traffic offender, all Class D felonies. Speer would also admit to being an habitual substance offender. All other counts in that action, Cause No. 79D01–9909–DF–43, were to be dismissed.

The agreement further provided that Speer would admit to violating his probation in two prior causes, 79E01–9505–DF–158 and 79E01–9611–DF–571. The State would not seek to revoke Speer's probation in two other causes, 79E01–9702–DF–95 and 79E01–9711–DF–424.[2] The agreement stated that Speer's "total executed sentences imposed for this offense *and the*

---

1. Speer's counsel indicates on the cover of his brief that he is "ATTORNEY FOR APPELLANT GREGORY L. THOMAS." Speer is not mentioned on the cover page. However, the brief addresses only Speer's case, and no other appellant is mentioned therein. Counsel also indicates on the cover of the brief that the appeal is from orders entered by The Honorable George J. Heid. However, the record reflects, and the brief indicates, these proceedings were presided over and the orders issued by The Honorable Gregory J. Donat or The Honorable Donald C. Johnson.

Accordingly, we will treat counsel's brief as addressing only Speer's appeal from the orders entered by Judges Donat or Johnson.

2. The State does not address, or even mention in its brief, this provision of the plea agreement. The State also asserts "Speer was ordered to serve 896 days of house arrest *for each D felony* as part of the court's order in accepting the plea agreement." (Br. of Appellee at 1) (emphasis supplied). He was not. Speer's earlier plea agreements provided for six months' house arrest on DF–424, 243 days

*probation violations in DF–158 and DF–571* may not exceed twelve (12) years, and shall be consecutive to the sentence imposed for probation violation in 79E02–9707–DF–603." (R. at 59) (emphasis supplied).

The trial court accepted the plea agreement on January 14, 2000, and sentenced Speer to a total of seventeen years, with twelve years executed followed by five years on supervised probation. Speer was given credit for 126 days he had already served as a result of the charges.

On September 25, 2000, the trial court ordered Speer to serve an additional 896 days in custody. That time represented the balance of time Speer had previously been ordered to serve on house arrest pursuant to other plea agreements Speer had entered into under causes no. DF–158, DF–571, DF–95, and DF–424. The orders issued under three of those causes[3] provided that if at any point Speer were to be rejected for house arrest by the Community Corrections Department, he would serve the balance of the time in the custody of the Department of Correction. Speer was rejected for house arrest because he was arrested on September 10, 1999, for four offenses and because he had two outstanding warrants for failure to appear.

## DISCUSSION AND DECISION

■■■ The sentencing decision is within the discretion of the trial court and will be reversed only for a manifest abuse of that discretion. *Tunstill v. State*, 743 N.E.2d 1136, 1138 (Ind.2001). The trial court abused its discretion when it ordered Speer to serve in the custody of the Department of Correction his remaining days of house arrest time under all four of the prior plea agreements when the plea agreement before us provided that 1) Speer's total executed sentences imposed for the offense that gave rise to the plea agreement and the probation violations in DF–158 and DF–571 could not exceed twelve years, and 2) the State would not seek to revoke Speer's probation in the other two prior plea agreements.

Speer correctly notes that his plea agreement of December 16, 1999, limited his total executed sentence to twelve years. Further, that agreement acknowledges the four causes under which Speer had been sentenced to house arrest, insofar as it provides that Speer would admit to his probation violations in causes no. DF–158 and DF–571 and that the State would not seek to revoke Speer's probation in causes no. DF–95 and DF–424. In all four of those prior plea agreements, house arrest is listed as one of several conditions of Speer's probation, and violation of that condition was to result in commitment to the Department of Correction.

The State agreed in the plea agreement before us that Speer's twelve year total sentence would include the penalties for the probation violations in causes no. DF–158 and DF–571, and it also agreed not to seek revocation of Speer's probation in the other two causes. However, part of the additional 896 days is attributable to the probation violations, and the rest represents imposition of executed time for the remaining days of house arrest in causes no. DF–95 and DF–424—the same penalty Speer would have incurred for a probation violation in those causes. Accordingly, the

---

on DF–95, 243 days on DF–571, and one year on DF–158. After taking into account time Speer had already served on house arrest, the trial court determined there remained a balance of 896 days.

**3.** The State asserts that provision applied to all four orders, and it directs us to p. 315 of the record as support for its assertion that it applied to cause no. DF–158. We find no such provision on that page of the record or elsewhere in the order. However, Speer was rejected for house arrest on all four causes.

trial court erred in ordering Speer to serve in custody the house arrest time called for in the four prior plea agreements in addition to the maximum twelve-year sentence called for in the plea agreement on review.

## CONCLUSION

The trial court erred in ordering Speer to serve in custody 896 days of house arrest time, as some of that time reflects a penalty for probation violation under those causes in which the State agreed not to seek revocation of Speer's probation, and the rest represents time explicitly included in the maximum twelve-year term. We must therefore remand with instructions that the trial court resentence Speer to a total executed sentence not exceeding twelve years.

Remanded.

SHARPNACK, C.J., and KIRSCH, J., concur.